STATE OF VERMONT

ENVIRONMENTAL COURT



In re: Appeal of
  Emanuel, <u>et al.</u>               Docket No. 24-1-00 Vtec

<u>Decision and Order on Motions to Dismiss, to Add Parties and to Amend</u>

A group of Appellants sought to appeal from the December 16, 1999 decision of the Planning Commission of the Town of Middlebury, granting approval of the application filed by Appellees Pomerleau Real Estate and Anthony and Nancy Neri for a hotel at the Neri/Rite Aid Planned Unit Development (PUD) site at 309 Court Street.  Appellants are represented by Gerald R. Tarrant, Esq.; Appellee Pomerleau Real Estate is represented by Richard P. Foote, Esq.; Appellees Anthony and Nancy Neri are represented by John R. Barrera, Esq.; and the Town of Middlebury is represented by Karl W. Neuse, Esq.

Appellee Pomerleau Real Estate has moved to dismiss the appeal, alleging the lack of the requisite ten persons to qualify under 24 V.S.A. §4464(b)(4).  Appellants oppose the motion, and in the alternative have moved to add parties and, further in the alternative, to qualify to bring the appeal under 24 V.S.A. §4464(b)(3).

The timely filing of a notice of appeal by a qualified appellant is jurisdictional.  If a timely appeal was filed by one or more persons qualified to file an appeal under 24 V.S.A. §4464(b), then the Court may consider whether to add additional parties thereafter. If no timely appeal was filed, or if one was filed by persons not qualified to file an appeal under 24 V.S.A. §4464(b), then the Court has no jurisdiction to consider motions to amend or to intervene, because it has not acquired jurisdiction of the appeal.

Therefore, the question of whether the persons filing the appeal met the "interested person" standards found in 24 V.S.A. §4464(b) must be measured as of or before the expiration of the period for filing a timely appeal.  In this case, that date appears to be January 16, 2000.  The initial Notice of Appeal was filed on January 14, 2000, and no

1

amendments to it were filed by January 16, Because we must test the qualifications of the various named appellants as of the January 14, 2000 Notice of Appeal, Appellants' Motion to Add Parties to the original Notice of Appeal is DENIED.

The group of ten persons named in that Notice of Appeal does not qualify for party status under 24 V.S.A. §4464(b)(4), because not all ten of them owned property within the Town of Middlebury. The fact that Nancy Beebe-Gordon had sold her property by that date is enough to disqualify that particular group of ten persons from party status. Therefore, we need not reach the question of whether the Middlebury Hotel Corporation and the Emanuel Family Limited Liability Corporation should be substituted for Frank S. Emanuel and S. Jane Emanuel as property owners, nor need we address the question of whether all ten named persons appeared on any petition filed with the Planning Commission.

However, if any of those ten persons qualifies under any other section of 24 V.S.A. §4464(b), the appeal should not be dismissed. Nothing precludes an appellant from qualifying under more than one subsection of §4464(b).

Neither property ownership nor participation in a petition is required to qualify as an appellant under 24 V.S.A. §4464(b)(3). Rather, the person must own or occupy property in the immediate neighborhood of the project, and must oppose the decision on appeal. From the materials submitted by both parties in connection with the pending motions, it appears that at least Frank S. Emanuel and Jane S. Emanuel qualify as appellants under this section. They occupy property which appears to be in the immediate neighborhood of the project, in that it could be affected by any of the factors addressed in site plan approval under the Middlebury zoning ordinance, such as traffic on Route 7. The fact that they also are competitors of the proposed project does not disqualify them for §4464(b)(3) party status, it simply cannot give them that status if they do not meet the §4464(b)(3) requirements. Compare, In re Appeal of Brodhead, Docket No. E95-057 (Vt. Envtl. Ct., Aug. 3, 1995) with In re Appeal of Foti Fuels, Inc., Docket No. E96-209 (Vt. Envtl. Ct., Feb. 25, 1998). Therefore Appellees' Motion to Dismiss the appeal is DENIED.

As noted in In re: Appeal of Persis Corporation and Recchiuti, Docket No. E95-122 (Vt. Envtl. Ct., April 22, 1996), the standards for bringing an appeal are stricter than the standards for qualifying to participate as a party in an appeal brought by another. Once a

timely appeal has been filed by qualified appellants, the Court has jurisdiction to address later-filed applications for interested party status. Such applications may be based on the standards in 24 V.S.A. §4464(b) or the standards in V.R.C.P. 24 for intervention. It is possible that some of the other eight original appellants, or some of the four persons who were the subject of the motion to add parties, may wish to argue that they qualify as individual parties under §4464(b)(3), or that they qualify under the standards for intervention. Or, as a group, they may wish to argue that they now meet the ten-property-owner standard of §4464(b)(4). If additional parties are allowed to enter an appearance in the case, or any of the other eight original appellants is allowed to remain as a party in the case, their appearance will not be allowed to delay the proceedings in any way.

Accordingly, on or before April 3, 2000, any persons seeking party status (other than Appellants Emmanuel, Appellee-Applicants Pomerleau and Neri, or the Town) may file such motions. Any opposition to such motions shall be filed on or before April 10, 2000. The hearing on the merits of this application will be set for April 26 and 27, 2000, at the Mahady Courthouse in Middlebury, unless the parties demonstrate that more time is needed for discovery or trial preparation, in which case it will be heard on June 20 and 21, 2000.

Done at Barre, Vermont, this 21st day of March, 2000.

_____
Merideth Wright
Environmental Judge

3